STEPHANIE M. PARENT, OSB #92590
4685 SW Flower Place
Portland, OR 97221
(503) 320-3235
parentlaw@gmail.com

Christopher G. Winter
Ralph O. Bloemers
Crag Law Center
917 SW Oak Street, Suite 417
Portland, OR 97205
(503) 525-2725
(503) 296-5454 – fax
chris@crag.org
ralph@crag.org

Attorney for Plaintiffs

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources
Division
Cynthia Huber, Assistant Chief
Natural Resources Section
cynthia.huber@usdoj.gov
United States Department of Justice
Environment and Natural Resources
Division
Natural Resources Section, P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 514-5273
Facsimile: (202) 305-0506

Attorneys for Federal Defendants

FILED '08 APR 22 06:57 USDC-ORE

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| OREGON NATURAL RESOURCES COUNCIL FUND, *et al.*, | Civil No. 04-693-AA |
| Plaintiffs, | **STIPULATED MOTION FOR STAY AND STIPULATED SETTLEMENT AGREEMENT ON ATTORNEYS' FEES AND COSTS; [PROPOSED] ORDER** |
| v. | |
| ELAINE BRONG, *et al.*, | |
| Federal Defendant, | |
| and | |
| BOISE BUILDING SOLUTIONS MANUFACTURING LLC, *et al.*, | |
| Defendant-Intervenors | |

The Parties jointly move for a further stay of the briefing on Plaintiffs' application for attorney fees and costs (Docket #101, 112), as provided in Paragraph 4 of the following stipulation, and for entry of the stipulated settlement agreement.

WHEREAS, Plaintiffs Oregon Natural Resources Council Fund (now known as "Oregon Wild"), Klamath-Siskiyou Wildlands Center, Northwest Environmental Defense Center, Cascadia Wildlands Project, and Umpqua Watersheds challenged the Bureau of Land Management ("BLM") decision to authorize the commercial logging portions of the Timbered Rock Fire Salvage and Elk Creek Watershed Restoration Project, including the Flaming Rock and Smoked Gobbler timber sales for violations of the National Environmental Policy Act ("NEPA") and the Federal Land Policy and Management Act ("FLPMA");

WHEREAS, on November 10, 2004, this Court granted Plaintiffs' motion for permanent injunction and judgment on the merits, holding that the BLM violated FLPMA and NEPA and permanently enjoining BLM from proceeding with the Flaming Rock and Smoked Gobbler timber sales;

WHEREAS, on July 24, 2007, the Court of Appeals for the Ninth Circuit affirmed this Court's decision to enjoin the BLM from going forward for violations of FLPMA and NEPA. *ONRC Fund v. Brong*, 492 F.3d 1120 (9th Cir. 2007);

WHEREAS, Plaintiffs have applied for attorneys' fees and costs for their prosecution of this litigation in the U.S. District Court for the District of Oregon ("District Court") as well as in the United States Court of Appeals for the Ninth Circuit ("Court of Appeals") for fees and costs incurred in each court, and the Court of Appeals having transferred the matter of fees to the District Court;

WHEREAS, Plaintiffs and Defendants believe that it is in the interests of judicial economy to avoid litigating the applications for attorneys' fees and costs and to avoid diverting Agency resources;

**THEREFORE**, in the interests of the public and judicial economy, Plaintiffs and Defendants hereby stipulate and agree to the following:

1. Defendants agree to pay the lump sum total of seventy thousand dollars ($70,000.00) in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), and/or any other statute and/or common law theory, for all attorneys' fees and costs incurred by Plaintiffs in the District Court and the Court of Appeals, individually and/or severally, in this litigation.

2. Defendants shall submit the paperwork for the payment within twenty (20) days after this Agreement is filed with the U.S. District Court for the District of Oregon or Plaintiffs provide the necessary information as required by Paragraph 5 to facilitate the payment, whichever is later.

3. Plaintiffs agree that receipt of the full amount specified in paragraph (1), above, from Defendants to Plaintiffs' attorney shall operate as a release of any and all claims for attorneys' fees and costs that Plaintiffs may seek to pursue in this matter relating to the litigation or settlement.

4. Plaintiffs and Defendants agree to a further stay of briefing on Plaintiffs' application for attorneys' fees and costs until Plaintiffs' attorney has received the full amount specified in paragraph (1), above. Plaintiffs agree to file notices in both this Court and the Court of

Appeals withdrawing their motions for attorney fees and costs within twenty (20) days of receipt of payment.

5. Defendants payment shall be accomplished by the BLM using an electronic fund transfer to deposit the $70,000.00 settlement amount into the Client Trust Account of Plaintiffs' attorney Stephanie M. Parent. Plaintiffs' attorney is receiving funds in trust for Plaitnffs, and Plaintiffs agree to this procedure. Plaintiffs' attorney shall provide the IOLTA account number into which the funds will be deposited in trust for Plaintiffs, and any other necessary information needed to make the payment, to the undersigned Defendants' counsel. Thereafter, the BLM shall make the electronic fund transfer. Plaintiffs agree to provide confirmation of the receipt of the payment within fourteen (14) days of such payment.

6. Plaintiffs and Plaintiffs' attorneys agree to hold harmless Defendants in any litigation, further suit, or claim arising from the deposit of the agreed-upon $70,000.00 settlement amount into the Client Trust Account. Plaintiffs' and Plaintiffs' attorneys' agreement to this "hold harmless" clause is made in exchange for valuable consideration that is included in the monetary amount of $70,000.00 to be paid by Defendants pursuant to Paragraph (5) above.

7. Nothing in the terms of this Agreement shall be construed to limit or deny the power of a federal official to promulgate or amend regulations.

8. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that Defendants obligate or pay funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

9. This Agreement does not represent an admission by any party to any fact, claim, or defense in any issue in this lawsuit. This Agreement has no precedential value and shall not be used as evidence of such in any litigation.

10. The undersigned representatives of the Plaintiffs and Defendants certify that they are fully authorized by the party or parties whom they represent to enter into all the terms and conditions of this Agreement, including the "hold harmless" clause in Paragraph (6) above, and to legally bind the Parties to it.

**IT IS HEREBY AGREED.**

Date:  _April 15, 2008___

/s/ (as authorized 4/15/08)
STEPHANIE M. PARENT, OSB #92590
4685 SW Flower Place
Portland, OR 97221
(503) 320-3235
parentlaw@gmail.com

*Attorney for Plaintiffs*

KARIN J. IMMERGUT, OSB #96314
United States Attorney
STEPHEN J. ODELL
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

__/s/ Cynthia S. Huber_____
CYNTHIA HUBER
Assistant Chief
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
(202) 514-5273
cynthia.huber@usdoj.gov

*Attorneys for Federal Defendants*

Pursuant to Stipulation, IT IS SO ORDERED.

Dated: 4/21/08

_____
Hon. Ann Aiken
District Court Judge